United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60815
Summary Calendar

AQUATEK SYSTEMS INC,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,

Respondent.

Petition for Review from the
Occupational Safety and Health Review Commission
(No. 03-1351)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Before the court is an appeal from the administrative law judge's denial of

Aquatek's application for legal fees and expenses under the Equal Access to Justice Act

("EAJA"). 5 U.S.C. § 504. For the following reasons, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Aquatek is a four-person company in the business of waterproofing. Ken Morris is the owner and president of Aquatek, and his brother Ronnie Morris is the foreman. The other two employees work under Ronnie Morris doing waterproofing.

On January 7, 2003, Ronnie Morris and these two employees were waterproofing a building. During the course of this job, they reached a point at which it was time to work on the second floor balconies. Unlike the balconies on which they had previously worked during this job, some of these balconies lacked guardrails. Working on such a balcony without guardrails violates Occupational Safety and Health Administration ("OSHA") rules. Nevertheless, Ronnie Morris instructed the employees to work on these balconies in order to complete the job on time. While they were working, an OSHA compliance officer arrived and photographed them.

The OSHA compliance officer, after interviewing Ronnie and Ken Morris, issued a citation for the violation. Aquatek admitted the violation but raised the affirmative defense of unforeseen employee misconduct. An administrative law judge ("ALJ") determined that the citation was proper and rejected this defense, noting that Aquatek's safety program was not written and that Aquatek had failed to prove adequate enforcement. On appeal, the Occupational Safety and Health Review Commission ("Commission") reversed the ALJ and vacated the citation. The Commission held that the safety policy did not have to be in writing and that enforcement had been adequate.

After this vacatur, Aquatek filed an application for legal fees and expenses under

the EAJA. 5 U.S.C. § 504. The ALJ denied the application on the basis of substantial justification. Aquatek appealed.

## II. STANDARD OF REVIEW

This court reviews the ALJ's determination to see if it was based on substantial evidence. *See United Bhd. of Carpenters & Joiners of Am., Local 2848 v. NLRB*, 891 F.2d 1160, 1162 (5th Cir. 1990). In searching for substantial evidence, the court need not find "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988) (internal quotation omitted).

## III. DISCUSSION

The EAJA permits recovery of legal fees and expenses in certain cases after prevailing in a lawsuit. "An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1). The only disputed issue is whether the Secretary was substantially justified in her position. The Secretary's position need not prevail in the underlying proceeding in order to be substantially justified. *See S&H Riggers & Erectors, Inc. v. Secretary of Labor*, 672 F.2d 426, 430 (5th Cir. 1982).

Aquatek prevailed, despite the existence of a *prima facie* case of an OSHA violation, based on the affirmative defense of unforeseen employee misconduct. "The affirmative

3

defense of employee misconduct requires a showing that the employer 1) has established work rules designed to prevent the violation, 2) has adequately communicated these rules to its employees, 3) has taken steps to discover violations, and 4) has effectively enforced the rules when violations have been discovered." *W.G. Yates & Sons Constr. Co. v. Secretary of Labor*, 459 F.3d 604, 609 n.7 (5th Cir. 2006).

The evidence the appellee cites is the lack of a written safety program, the fact that Ken Morris only verbally reprimanded Ronnie Morris, the unanimity of the conduct in violating the OSHA rule, and a supervisor's willingness to violate a rule. In addition, Aquatek bore the burden of persuasion on the affirmative defense and essentially stipulated to the *prima facie* evidence of a violation. *See id.* Aquatek is correct to state that the lack of immediate supervision of this particular project by Ken Morris and the failure to have written safety rules does not defeat the affirmative defense of employee misconduct. Nevertheless, there was substantial evidence on which the ALJ could conclude that the Secretary was substantially justified in pursuing the action. *See Pierce*, 487 U.S. at 565.

## IV. CONCLUSION

The judgment of the ALJ is AFFIRMED.